UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| NASHVILLE PHARMACY SERVICES, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EMPIRE PHARMACY CONSULTANTS L.L.C. and JOHN DOES 1-10,<br><br>Defendants. | Case No.  5:18-cv-50-GNS<br><br>**CLASS ACTION** |

## COMPLAINT

Plaintiff, Nashville Pharmacy Services, LLC, individually and on behalf of the class defined below, alleges the following against Defendants, Empire Pharmacy Consultants L.L.C. ("Empire") and John Does 1-10:

## INTRODUCTION

1. This lawsuit challenges Empire's practice of sending unsolicited facsimiles.

2. The Telephone Consumer Protection Act of 1991 (the "TCPA"), as amended by the Junk Fax Prevention Act of 2005 (the "JFPA"), codified at 47 U.S.C. § 227, and the regulations promulgated thereunder, prohibit a person or entity from faxing advertisements, or having an agent fax advertisements, without the recipient's prior express invitation or permission. The JFPA provides a private right of action and provides for injunctive relief and statutory damages of $500 per violation.

3. On information and belief, Empire has sent facsimile transmissions of unsolicited advertisements to Plaintiff and the class in violation of the JFPA, including but not limited to an

unsolicited fax advertisement sent to Plaintiff on or about March 8, 2018, a true and correct copy of which is attached hereto as <u>Exhibit A</u>. The fax in <u>Exhibit A</u> describes the commercial availability or quality of Empire's products, goods, and services. On information and belief, Empire has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA, including but not limited to the fax advertisement sent to Plaintiff.

4. Unsolicited faxes damage the recipients. A junk fax recipient loses the use of its fax machine, paper, and ink or toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

5. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Empire under the JFPA. Plaintiff seeks to certify a class including faxes sent to Plaintiff and other advertisements sent without prior express invitation or permission, whether sent to Plaintiff or not.

6. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Empire, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by 47 U.S.C. § 227(b)(3).

## PARTIES

7. Plaintiff, Nashville Pharmacy Services, LLC, is a Tennessee limited liability company that is authorized to transact business in Kentucky. Plaintiff owns and operates a pharmacy in Paducah, Kentucky, where it maintains telephone facsimile equipment.

8. Defendant Empire Pharmacy Consultants L.L.C. is a Florida limited liability company with its principal place of business at 8323 NW 12th Street, Suite 108, Doral, Florida 33126. Empire's registered agent is Adam Rabinowitz, 1 Financial Plaza, Suite 2700, Ft. Lauderdale, Florida 33394.

9. John Does 1-10 are persons or entities who were involved in sending faxes to Plaintiff and the class members. John Does 1-10 will be identified through discovery but are not presently known to Plaintiff.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. § 1331.

11. This Court has personal jurisdiction over Empire because Empire transacts business in this judicial district, has solicited business in this judicial district, has made contacts within this judicial district, and/or has committed tortious acts within this judicial district.

12. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2).

## FACTS

13. On March 8, 2018, Empire transmitted by telephone facsimile machine an unsolicited facsimile to Plaintiff. A copy of the facsimile is attached hereto as <u>Exhibit A</u>.

14. Plaintiff's telephone facsimile equipment printed the fax when it was received, causing Plaintiff to lose paper and ink or toner.

15. On information and belief, Empire receives some or all of the revenues from the sale of the products, goods, and services advertised on the facsimile, and Empire profits and benefits from the sale of the products, goods, and services.

16. Plaintiff did not give prior express invitation or permission to Empire to send the facsimile.

17. The facsimile does not display a proper opt-out notice as required by 47 U.S.C. § 227 and 47 C.F.R. § 64.1200.

18. On information and belief, Empire faxed the same and other unsolicited facsimiles without proper opt-out language to Plaintiff and at least 40 other recipients or sent the same and other advertisements by fax with the required opt-out language but without first receiving the recipients' express invitation or permission or without having an established business relationship as defined by the TCPA and its regulations.

19. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## CLASS ACTION ALLEGATIONS

20. In accordance with Fed. R. Civ. P. 23(b)(1), (b)(2), and (b)(3), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Empire, and (3) from whom Empire did not obtain "prior express invitation or permission" to send fax advertisements, or (4) with whom Empire did not have an established business relationship, or (5) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

Excluded from the class are Empire, its employees, agents, and members of the Judiciary. Plaintiff seeks to certify a class which include, but are not limited to, the fax advertisement sent to Plaintiff. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

21. Numerosity – Fed. R. Civ. P. 23(a)(1). On information and belief, the number of persons and entities of the class is numerous and joinder of all members is impracticable. On information and belief, the number of class members is at least 40.

22. Commonality – Fed. R. Civ. P. 23(a)(2). Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

    (a)    Whether Empire sent unsolicited fax advertisements;

    (b)    Whether Empire's faxes sent to other persons, not the Plaintiff, constitute advertisements;

    (c)    Whether Empire's faxes advertised the commercial availability or quality of property, goods, or services;

    (d)    The manner and method Empire used to compile or obtain the list of fax numbers to which they sent <u>Exhibit A</u>, other unsolicited faxed advertisements, or other advertisements without the required opt-out language;

    (e)    Whether Empire faxed advertisements without first obtaining the recipient's prior invitation or permission;

    (f)    Whether Empire sent the faxed advertisements knowingly;

    (g)    Whether Empire violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

    (h)    Whether the faxes contain an opt-out notice that complies with the requirements of 47 U.S.C. § 227(b)(1)(C)(iii), and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

    (i)    Whether Empire should be enjoined from faxing advertisements in the future;

    (j)    Whether Plaintiff and the other members of the class are entitled to statutory damages; and

    (k)    Whether the Court should award treble damages.

23.    Typicality – Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of all class members. Plaintiff received the same or similar faxes as the faxes sent by or on behalf of Empire advertising products, goods, and services of Empire during the class period. Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. Empire has acted in the same or in a similar manner with respect to the Plaintiff and all the class members by sending Plaintiff and each member of the class the same or similar faxes or faxes which did not contain the proper opt-out language or were sent without prior express invitation or permission.

24.    Adequate Representation – Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the class members. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

25.    Need for Consistent Standards and Practical Effect of Adjudication – Fed. R. Civ. P. 23(b)(1). Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Empire, and/or (b) as a practical matter, adjudication of

the Plaintiff's claims will be dispositive of the interests of class members who are not parties.

26. Common Conduct – Fed. R. Civ. P. 23(b)(2). Class certification is also appropriate because Empire has acted in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by 47 U.S.C. § 227.

27. Predominance and Superiority – Fed. R. Civ. P. 23 (b)(3). Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a) Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b) Evidence regarding defenses or any exceptions to liability that Empire may assert and attempt to prove will come from Empire's records and will not require individualized or separate inquiries or proceedings;

(c) Empire has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e) This case is inherently manageable as a class action in that:

(i) Empire identified persons to receive the fax transmissions and it is believed that Empire and/or Empire's agents' computers and business records will

7

enable the Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for Plaintiff and the class with the same common proof;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and will foster economics of time, effort, and expense;

(v) A class action will contribute to uniformity of decisions concerning Empire's practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## CLAIM FOR RELIEF
## VIOLATION OF THE JUNK FAX PREVENTION ACT
### 47 U.S.C. § 227, *et seq.*

28. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint as though fully set forth herein.

29. The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

30. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

31. The JFPA requires that the senders of fax advertisements place an opt-out notice on the facsimile transmissions. The opt-out notice, among other things, must be clear and conspicuous on the first page of the transmission, must state that the recipient is entitled to opt out of receiving future fax advertisements, and must state that the sender must honor a recipient's opt-out notice request within 30 days and that the sender's failure to do so is unlawful.

31. Empire sent the fax advertisement to Plaintiff on or about March 8, 2018, via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone line and facsimile machine of Plaintiff. The fax sent to Plaintiff constituted an advertisement under the JFPA. Empire failed to comply with the JFPA's opt-out requirements in connection with the fax. The fax sent to Plaintiff was transmitted without Plaintiff's prior express invitation or permission. Alternatively, Empire is precluded from asserting any prior express invitation or permission and is precluded from asserting it had an established business relationship with Plaintiff because of its failure to comply with the JFPA's opt-out requirements. Empire thus violated the JFPA and its regulations by sending the fax advertisement via facsimile transmission to Plaintiff. Plaintiff seeks to certify a class that includes the recipients of the fax and all other faxes sent during the four years prior to the filing of this case through the present.

32. On information and belief, during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Empire has sent via facsimile transmissions from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of the class members other faxes that constitute advertisements under the JFPA that were transmitted without the class members' prior express invitation or permission. Alternatively, Empire is precluded from asserting any prior express invitation or permission and is precluded from asserting it had an established business relationship with the class members because of its

failure to comply with the JFPA's opt-out requirements in connection with such transmissions. Empire thus violated the JFPA and the regulations promulgated thereunder.  On information and belief, Empire may be continuing to send unsolicited advertisements via facsimile transmissions in violation of the JFPA and the regulations promulgated thereunder, and, absent intervention by this Court, Empire will continue to do so in the future.

33. The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the class to redress Empire's violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

34. The JFPA is a strict liability statute, so Empire is liable to Plaintiff and the other class members even if their actions were only negligent.

35. Empire knew or should have known that (a) Plaintiff and the other class members had not given prior express invitation or permission for Empire or any other person to fax advertisements about Empire's products, goods, or services; (b) Plaintiff and the other class members did not have an established business relationship with Empire; (c) Empire transmitted the fax advertisements;  (d) the faxes did not contain a proper opt-out notice; and (e) Empire's transmission of fax advertisements that did not contain a proper opt-out notice or that were sent without prior express invitation or permission was unlawful.

36. Empire's actions caused damages to the Plaintiff and the other class members. Receiving Empire's junk faxes caused Plaintiff and the other recipients to lose paper and toner and/or ink consumed in the printing of Empire's faxes. Moreover, Empire's faxes used the Plaintiff's and the other class members' telephone lines and fax machine. Empire's faxes cost Plaintiff and the other class members time, as the Plaintiff and the other class members and their employees wasted their time receiving, reviewing, and routing Empire's unauthorized faxes.

That time otherwise would have been spent on the Plaintiff's and the other class members' business activities. Empire's faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone.

      WHEREFORE, Plaintiff and the class members pray:

      A.     That the Court determine this action may be maintained as a class action under Federal Rule of Civil Procedure 23, certify the class defined herein, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

      B.     That the Court enter judgment in favor of Plaintiff and the class members and against Defendants, jointly and severally, for actual monetary losses sustained or the sum of $500 for each violation of the JFPA, whichever is greater, and that the Court award treble damages of $1,500 if the violations are found to be "willful and knowing";

      C.     That the Court grant Plaintiff and the class members equitable relief enjoining Empire and its agents from additional violations of the JFPA; and

      D.     That the Court award Plaintiff and the class members pre-judgment interest, costs of this suit, and such further relief as the Court may deem just and proper.

Dated: April 3, 2018                          Respectfully submitted,

                                                  /s/ Kendra Samson
                                                  Kendra Samson (#87008)
                                                  Charles Barrett (*pro hac vice to be submitted*)
                                                  Benjamin C. Aaron (*pro hac vice to be submitted*)
                                                  Neal & Harwell, PLC
                                                  1201 Demonbreun Street
                                                  Suite 1000
                                                  Nashville, TN 37203
                                                  (615) 244-1713
                                                  ksamson@nealharwell.com
                                                  cbarrett@nealharwell.com
                                                  baaron@nealharwell.com